IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. WOLFE, | : Civil No. 3:20-cv-1153 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| JOHN E. WETZEL, *et al.*, | : |
| Respondents | : |

**MEMORANDUM**

Petitioner James Wolfe ("Wolfe"), an inmate currently confined at the State Correctional Institution, Huntingdon, Pennsylvania, filed the instant petition for writ of mandamus pursuant to 28 U.S.C. § 1361. (Doc. 2). He challenges the denial of parole by the Pennsylvania Board of Probation and Parole ("the Parole Board"). (*Id.*). Wolfe seeks a writ of mandamus vacating the Parole Board's decision and directing the Parole Board to hold a new hearing. (*Id.* at p. 15). For the reasons set forth below, the Court will deny the petition.

I.   **Background**

Wolfe is currently serving a sentence of thirteen years, four months, and twenty-seven days to forty-five years, five months for homicide by vehicle while driving under the influence. (Doc. 1, p. 1; Doc. 11, pp. 15-18). His maximum sentence date is April 3, 2046. (Doc. 11, pp. 15-18). The Parole Board has denied Wolfe parole six times. (Doc. 2, p. 12).

In the instant mandamus petition, Wolfe alleges that a change in the Parole Board's internal procedures to require five votes instead of two votes to grant parole to inmates convicted of homicide by vehicle while driving under the influence violates the ex post facto clause of the United States Constitution. (Doc. 2). Wolfe further challenges the Board's denial of parole on May 21, 2019 as arbitrary, and he challenges the Board's finding that he did not demonstrate sufficient remorse. (*Id.* at pp. 3-4). He requests that this Court vacate the Parole Board's May 21, 2019 decision, order a new parole hearing, and order that the Parole Board exercise its discretion and not base its decision on erroneous findings. (*Id.* at p. 15).

## II.  Discussion

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged.'" *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Wolfe cannot establish a clear and

indisputable right to the issuance of a writ. Nor can he demonstrate that the writ is appropriate under the circumstances.

In the petition, it is clear that Wolfe requests this Court to direct the state parole board to take a specific course of action on his request for parole. However, a writ of mandamus may only issue if the plaintiff has a clear right to relief and the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary*, 93 F.3d 103, 112 n.9 (3d Cir. 1996). This basic limitation on the writ of mandamus is fatal to the instant petition, wherein Wolfe seeks to use a writ of mandamus to dictate the exercise of discretion by the state parole board and is premised on the absolute "right" to parole. However, it is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same."). Because federal law and Pennsylvania statutes plainly do not create a

cognizable, and absolute, right to parole, Wolfe cannot demonstrate a duty so clearly commanded and free from doubt as to justify issuance of a writ of mandamus.

Additionally, to the extent that Wolfe seeks an order directing state officials to take specific action, "the request lies outside the bounds of our mandamus jurisdiction as a federal court." *In re Brown*, 382 F. App'x 150, 150-51 (3d Cir. 2010) (citing *In re Tennant*, 359 F.3d 523, 531 (D.C. Cir. 2004)). Instead, Wolfe must turn to state courts if he seeks a writ of mandamus against state officials.

### III. Conclusion

For the reasons set forth above, the Court will deny the petition for writ of mandamus. (Doc. 2). A separate Order shall issue.

*[signature]*
Robert D. Mariani
United States District Judge

Dated: January 19, 2021